FILED
18 MAY 09 PM 2:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11879-4 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CENTRAL PARK EAST CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio company,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATIONS OF THE CONSUMER PROTECTION ACT, AND DAMAGES** |

Plaintiff Central Park East Condominium Association (the "Association") alleges as follows:

## I.  INTRODUCTION

1.1   This is an action for declaratory judgment and money damages, seeking:

(A)   A declaration of the rights, duties, and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association and for money damages.

(B)   Damages for breach of contract, bad faith, and violations of the Consumer Protection Act ("CPA").

(C)   Attorneys' fees (including expert witness fees) and costs.

(D)   Any other relief the Court deems just and equitable.

///

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATIONS OF THE CONSUMER PROTECTION ACT, AND DAMAGES - 1

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

## II.   PARTIES AND INSURANCE CONTRACTS

2.1   <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Central Park East Condominiums for the common enjoyment of the unit owners. The Central Park East Condominiums consist of four (4) buildings containing thirty-eight (38) units located at 2001 East Yesler Way, Seattle, Washington 98122.

2.2   <u>Nationwide.</u> The Nationwide Mutual Insurance Company ("Nationwide") is a company organized under the laws of Ohio with its principal place of business in Ohio. Nationwide sold insurance policies to the Association, including Policy No. ACP CPP 3006625684 (in effect from May 1, 2014 – May 1, 2015), Policy No. ACP CPP 3016625684 (in effect from May 1, 2015 – May 1, 2016), Policy No. ACP CPP 3026625684 (in effect from May 1, 2016 – May 1, 2017), and Policy No. ACP CPP 3036625684 (in effect from May 1, 2017 – May 1, 2018). The Nationwide policies identify the Central Park East Condominiums as covered property.

2.3   <u>Doe Insurance Companies 1–10.</u> Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Central Park East Condominiums as covered property.

2.4   <u>Central Park East Insurers</u>.  Nationwide and Doe Insurance Companies 1–10 shall collectively be referred to as the "Central Park East Insurers."

2.5   <u>Central Park East Policies</u>. The policies issued to the Association by the Central Park East Insurers shall be collectively referred to as the "Central Park East Policies."

## III.   JURISDICTION AND VENUE

3.1   This Court has subject matter jurisdiction over this action because the defendant(s) marketed and sold insurance in King County.

3.2   King County is the correct venue because the Central Park East Insurers marketed and sold insurance to the Association in King County, and because the insured condominium building is

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
VIOLATIONS OF THE CONSUMER PROTECTION
ACT, AND DAMAGES - 2

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

located in King County.

### IV. FACTS

4.1   Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2   Dimensional Initial Investigation. In June 2017, Dimensional Building Consultants, LLC ("Dimensional") made six (6) investigative openings in the building envelope at the Central Park East Condominiums. On July 28, 2017, Dimensional issued a report based on its findings made during the investigation. During the investigation, hidden water damage was observed at six of six (100%) openings made. Dimensional also observed water damaged wood framing at three of the six (50%) openings made.

4.3   Tender to Central Park East Insurers. On August 1, 2018, the Association tendered to the Central Park East Insurers. In its tender letter, the Association requested that the Central Park East Insurers investigate for hidden damage at the Central Park East Condominiums, including at the exterior walls and decks.

4.4   Nationwide's Bad Faith Denial. After the Association tendered to the Central Park East Insurers, the Association and its insurers jointly arranged for a subsequent intrusive investigation of the Central Park East Condominiums. Nationwide refused to participate in the joint intrusive investigation. Despite the fact that Nationwide made no investigative openings and did not participate in the joint intrusive investigation, on March 5, 2018, Nationwide denied the Association's claim for hidden damage.

### V. FIRST CLAIM: DECLARATORY RELIEF THAT THE CENTRAL PARK EAST POLICIES COVER HIDDEN DAMAGE CAUSED BY WATER INTRUSION

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2   Declaratory Relief. An actual, present and justiciable controversy has arisen between the Association and the Central Park East Insurers regarding the interpretation of its policies. The

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATIONS OF THE CONSUMER PROTECTION ACT, AND DAMAGES - 3

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

    a.    The loss at the Central Park East Condominiums was incremental and progressive hidden damage caused by water intrusion over many years. New damage from water intrusion commenced during each year of the Central Park East Policies.

    b.    The Central Park East Policies cover the entire loss, and/or the damage that commenced during each of their policy periods.

    c.    No exclusions, conditions, or limitations bar coverage under the Central Park East Policies for damage to the Central Park East Condominiums.

    d.    As a result, the Central Park East Policies should be interpreted to cover some or all of the costs of repairing the hidden damage to the Central Park East Condominiums.

## VI.   SECOND CLAIM: FOR BREACH OF CONTRACT

6.1    <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    Nationwide has contractual duties under the terms of its policy and/or policies to pay the cost of repairing the covered damage to the Central Park East Condominiums.

6.3    Nationwide breached its contractual duties by denying coverage on or around March 5, 2018, and by failing to pay the cost of repairing the covered damage to the Central Park East Condominiums.

6.4    As a direct and proximate result of Nationwide's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5    <u>Additional Damages</u>. As a direct and proximate result of Nationwide's breach of its insurance contract, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
VIOLATIONS OF THE CONSUMER PROTECTION
ACT, AND DAMAGES - 4

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

## VII.    THIRD CLAIM: FOR VIOLATIONS OF BAD FAITH CLAIM HANDLING

7.1     The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Nationwide violated Washington claim handling standards by:

- Failing to complete a reasonable investigation for hidden damage as soon as reasonably possible.
- Failing to adopt and implement reasonable standards for the prompt investigation of claims for hidden damage arising under insurance policies.
- Refusing to pay claims without conducting a reasonable investigation for hidden damage.

7.3     As part of the premium that it paid to its insurers, the Association was entitled to a prompt and reasonable investigation for hidden damage even if the investigation would be difficult and expensive. Nationwide's failure to perform a reasonable investigation for hidden damage and make a timely claim decision violated Washington claim handling standards:

- Which require insurers to adopt and implement reasonable standards for the investigation of claims;
- Which require a reasonable investigation for hidden damage;
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation;
- Which require a prompt investigation for hidden damage;
- Which require insurers to be impartial and to treat the interests of the insured as equal to their own interests, without placing too much emphasis on the insurer's interests.

7.4     In its denial letter, Fireman's Fund failed to acknowledge that weather conditions, such as rain and wind-driven rain, are covered causes of loss under its policy. Instead, Nationwide made

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
VIOLATIONS OF THE CONSUMER PROTECTION
ACT, AND DAMAGES - 5

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

no decision as to whether or not water damage caused in part by weather conditions would be covered. Yet, Nationwide denied coverage for any and all hidden damage at the Central Park East Condominiums. Nationwide's conduct violated Washington claim handling standards:

- Which required it to fully disclose all pertinent coverages;
- Which prohibit misrepresentations regarding relevant facts (e.g. the causes of damage) or coverage;
- Which required it to construe ambiguities in facts, law, or policy language in favor of coverage;
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation;
- Which required Nationwide, its adjusters, and independent adjusters to be impartial and to treat the interests of its insured as equal to its own without placing too much emphasis on Nationwide's interests;
- Which required Nationwide to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

7.5   The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 470, 78 P.3d 1266 (2003).

7.6   The duty of good faith requires an insurer to conduct a reasonable investigation before

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATIONS OF THE CONSUMER PROTECTION ACT, AND DAMAGES - 6

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having reasonable justification, fails to act in good faith. *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998) (property insurer may be liable for bad faith investigation into coverage issues even if coverage was properly denied); *Industrial Indem. Co. v. Kallevig*, 114 Wn.2d 907, 792 P.2d 520 (1990).

7.7     A violation, if any, of one or more of the following Washington claim handling standards described in paragraphs 7.2 through 7.4 above is a breach of the duty of good faith.

7.8     Nationwide breached its duty of good faith to the Association by unreasonably failing to complete a reasonable investigation for hidden damage in a timely manner and make a prompt claim decision. In addition, Nationwide breached its duties of good faith by failing to pay for covered damage in a timely manner.

7.9     Nationwide breached its duties of good faith to the Association by unreasonably denying the Association's claim without a reasonable investigation and by failing to acknowledge that the insureds' experts who individually investigated the buildings found hidden water damage to exterior sheathing and framing, that the damage was caused in part by weather conditions such as wind-driven rain, that its policies cover damage caused by any combination of weather conditions, such as rain and wind-driven rain, and inadequate construction, and that courts interpreting Washington law and similar policy language have found coverage for similar damage. Nationwide violated WAC 284-30-330(13) and breached its duty of good faith by failing to provide a reasonable explanation regarding how its policy language supports a denial of the Association's claim.

7.10    As a direct and proximate result of these breaches of its duties of good faith the Association has been damaged in an amount to be proven at trial.

7.11    As a direct and proximate cause of Nationwide's breaches of its duty of good faith the Association has been damaged in an amount to be proven at trial.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
VIOLATIONS OF THE CONSUMER PROTECTION
ACT, AND DAMAGES - 7

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660

## VIII. FOURTH CLAIM: FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.11, above, as if fully set forth herein.

8.2   Violations of WAC claims handling standards are per se CPA violations. The Association is a consumer. As a direct and proximate result of Nationwide's CPA violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1   <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Central Park East Policies provide coverage as described herein.

9.2   <u>Money Damages</u>.  For money damages in an amount to be proven at trial.

9.3   <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4   <u>CPA Penalties.</u>  For CPA Penalties of up to $25,000 per violation.

9.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

DATED this 9th day of May, 2018.

STEIN, SUDWEEKS & HOUSER, PLLC

/s/ Daniel S. Houser
/s/ Jessica R. Burns
Daniel S. Houser, WSBA 32327
Jessica Burns, WSBA 49852
Attorneys for Plaintiff
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: dhouser@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATIONS OF THE CONSUMER PROTECTION ACT, AND DAMAGES - 8

STEIN, SUDWEEKS & HOUSER, PLLC
2701 1ST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660   FAX 206.286.2660