1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                            AT SEATTLE

10   CENTRAL PARK EAST                    CASE NO. C18-933-MJP
     CONDOMINIUM ASSOCIATION,
11                                        ORDER GRANTING
                   Plaintiff,            DEFENDANT'S MOTION TO FILE
12                                        THIRD PARTY COMPLAINT
              v.
13
     NATIONWIDE MUTUAL
14   INSURANCE COMPANY,

15                 Defendant.

16

17        THIS MATTER comes before the Court on Defendant's Motion to File a Third Party

18   Complaint Impleading Third Parties.  (Dkt. No. 18.)  Having reviewed the Motion, the Response

19   (Dkt. No. 21), the Reply (Dkt. No. 22) and the related record, the Court GRANTS the Motion.

20        Plaintiff filed this action seeking a declaration that it is entitled to coverage for losses

21   arising from incremental and progressive water intrusion at the Central Park East

22   Condominiums.  (Dkt. No. 1.)  Defendant Nationwide Mutual Insurance Company

23   ("Nationwide") now moves to add as third-party defendants State Farm Fire & Casualty

24   Company, Travelers Indemnity Company of America, Westport Insurance Corporation, and

QBE Insurance Corporation, as these companies also issued insurance policies with policy periods inclusive of the period during which Plaintiff alleges the damage commenced. (Dkt. No. 18.) Accordingly, Nationwide contends it is entitled to equitable subrogation, equitable indemnity, and/or equitable contribution from these companies. (Id.)

Federal Rule of Civil Procedure 14(a) provides for service of a third-party complaint upon a nonparty that is or may be liable to the original defendant for all or part of the claim against it. "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." Stewart v. Am. Intern. Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988) (quoting 6 Wright & Miller, Federal Practice and Procedure § 1446 (1971 ed.)). The purpose of impleader is to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against the parties secondarily or derivatively liable to the defendant on account of the plaintiff's claim. Southwest Admin., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). The decision whether to permit a third-party claim under Rule 14 is within the discretion of the trial court. Id.

Here, the Court finds that the third-party complaint demonstrates the requisite derivative liability on the part of the proposed third-party defendants and will promote judicial efficiency. While Plaintiff indicates its belief that "third-party impleader is neither appropriate at this time nor furthers the promotion of judicial economy or efficiency," it does not provide any explanation for these claims and does not otherwise oppose the request. (See Dkt. No. 21.)

Therefore, the Court GRANTS Defendant's Motion. Defendant is ordered to file its third-party complaint within five (5) days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 14, 2018.

Marsha J. Pechman
United States District Judge